UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SARA HINES,

                                       **Plaintiff,**

  vs.                                                                         5:24-CV-71
                                                                         (MAD/ML)

DEP'T OF SOC. SERVS. CAYUGA CNTY.,
CAYUGA CNTY. DISTRICT ATTORNEY'S
OFFICE, AMANDA HARE, LINDSEY
NUCCILLY, JEANETTE MURRAY,
BRITTANY ANTONACCI, RICHARD
PADO, SUSAN AZZARELLI, THOMAS
LEONE, and DAVID THURSTON,

                                        **Defendants.**
_____

APPEARANCES:                                    OF COUNSEL:

**SARA HINES**
85 Bradford Street
Auburn, New York 13021
Plaintiff, *Pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On January 16, 2024, *pro se* Plaintiff Sara Hines commenced this civil rights action, pursuant to 42 U.S.C. § 1983 against Defendants Department of Social Services Cayuga County ("DSS Cayuga County"), Cayuga County District Attorney's Office, Amanda Hare, Lindsey Nuccilly, Jeanette Murray, Brittany Antonacci, Richard Pado, Susan Azzarelli, Cayuga County Judge Thomas Leone, and Auburn City Court Judge David Thurston (collectively "Individual Defendants") in both their individual and official capacities. *See* Dkt. No. 1 at 2-4. The

1

complaint alleges Defendants engaged in a conspiracy to defraud Plaintiff and violate her rights under 42 U.S.C. § 1983, the Administrative Procedure Act, the Fourteenth Amendment, and the Fourth Amendment. *See id.* at 12-20. Plaintiff also filed an application for leave to proceed *in forma pauperis*. *See* Dkt. No. 2.

On January 29, 2024, Magistrate Judge Lovric issued a Decision and Order denying Plaintiff's application to proceed *in forma pauperis* and requiring Plaintiff to pay the filing fee within thirty days. *See* Dkt. No. 8 at 4-5. Plaintiff paid the filing fee on February 1, 2014. *See* Dkt. No. 10 at 1-2.

On May 6, 2024, Magistrate Judge Lovric issued a Report-Recommendation recommending that (1) Plaintiff's complaint be accepted for filling to the extent that it asserts claims against Defendants DSS Cayuga County, Hare, Nuccilly, and Murray in their individual and official capacities, claims against Defendants Antonacci, Pado, and Azzarelli in their individual capacities, and claims alleging conspiracy to defraud Plaintiff against Defendants Antonacci, Pado, and Azzarelli in their official capacities; and (2) Plaintiff's complaint be dismissed without prejudice but without leave to replead to the extent that it asserts claims pursuant to 42 U.S.C. § 1983 against Defendants Leone and Thurston, and claims pursuant to 42 U.S.C. § 1983 against Defendant Cayuga County District Attorney's Office and Defendants Antonacci, Pado, and Azzarelli in their official capacities. *See* Dkt. No. 10 at 8-9. Neither party filed objections to the May 6 Report-Recommendation.

For the reasons set forth below, the May 6 Report-Recommendation is adopted in its entirety.

**II. BACKGROUND**

For a complete recitation of the relevant background, the Court refers the parties to

Magistrate Judge Lovric's Report-Recommendation.  *See* Dkt. No. 10.

### III. DISCUSSION

**A.      Standard of Review**

Plaintiff has not filed any objections to the Report-Recommendation.  When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  When a party declines to file objections or files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  Thus, a "document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption of truth,

however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff must also state "enough facts to state a claim to relief that is plausible on its face" to avoid dismissal of the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

**B.  Judicial Immunity**

Judges are afforded absolute immunity from suit for actions related to the exercise of their judicial function. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Judges maintain judicial immunity "even when [the] judge is accused of acting maliciously and corruptly." *Id.* at 554. Judicial immunity lapses when a judge acts without judicial capacity or "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-23 (1991). A judge's judicial capacity can be determined based on "the 'nature of the act [complained of] itself, *i.e.*, whether it is a function normally performed by a judge, and [on] the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" *Peterson v. Todd*, No. 5:12-CV-1371, 2013 WL 2487253, *3 (N.D.N.Y. June 7, 2013) (quoting *Ceparano v. Southampton Justice Court*, 404 Fed. Appx. 537, 539 (2d Cir. 2011)) (quotation omitted).

Magistrate Judge Lovric correctly determined that Plaintiff's claims against Judge Leone and Judge Thurston are barred. *See* Dkt. No. 10 at 5-6. Magistrate Judge Lovric concluded that judges have absolute immunity for actions taken within their judicial responsibilities and are immune from suit for claims for damages. *See id.* at 5; *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Magistrate Judge Lovric correctly found that Defendants Leone and Thurston are immune from suit by Plaintiff under the doctrine of judicial immunity because the claims arise

4

from their actions in their capacities as judges. *See id.* at 6.

Here, the complaint fails to identify any claims against Defendants Leone and Thurston that arise from actions outside of their roles as judges. *See* Dkt. No. 1 at 16-20. Plaintiff alleges that Defendant Thurston in Auburn City Court allowed Plaintiff's case to stay in the court for over 100 days after Plaintiff's arraignment. *See id.* at 16-17. Plaintiff contends that she notified Defendant Leone that there had not been a final hearing before arraignment, yet Defendant Leone moved forward with the case and sentenced Plaintiff. *See id.* at 17-20. However, Defendants' actions represent traditional aspects of a judge's role as judges oversee and conduct court proceedings and are therefore properly dismissed.

**C.      Eleventh Amendment Immunity and Prosecutorial Immunity**

As Magistrate Judge Lovric correctly found, the Eleventh Amendment bars Plaintiff from asserting civil rights claims, pursuant to § 1983, for malicious prosecution and due process violations against Defendants Cayuga County District Attorney's Office, Antonacci, Pado, and Azzarelli in their official capacities. *See* Dkt. No. 10 at 6-7. The case law is clear that a district attorney's office is not an entity subject to suit under 42 U.S.C. § 1983. *See Michels v. Greenwood Lake Police Dep't*, 387 F. Supp. 2d 361, 367 (S.D.N.Y. 2005).

Additionally, the Eleventh Amendment prohibits a federal court from providing relief for a claim against the state, unless the state has consented or waived its immunity. *See Peterson v. N.Y.S. Court of Appeals*, No. 8:12-CV-1873, 2012 WL 7480033, *2 (N.D.N.Y. Dec. 27, 2012) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 100 (1984)) (citation omitted). In this case, there is no indication that New York or any state Defendants have waived Eleventh Amendment immunity. *See* Dkt. No. 10 at 8-9.

Prosecutors also have absolute immunity for "prosecutorial activities that are 'intimately

associated with the judicial phase of the criminal process.'" *Peterson*, 2013 WL 2487253, at *4 (quoting *Hill v. City of New York*, 45 F.3d 653, 600-61 (2d Cir. 1995)) (quotation omitted). In this case, Plaintiff alleges malicious prosecution because Defendants allegedly knew of the lack of probable cause. *See* Dkt. No. 1 at 18. Plaintiff claims Defendants also continued with the case even after DSS Cayuga County found Plaintiff not guilty of receiving an overpayment. *See id.* However, past claims of malicious prosecution have been found to be part of the judicial phase, which are protected by absolute immunity. *See Strong v. New York*, No. 1:19-CV-63, 2019 WL 2723372, *3 (N.D.N.Y. July 1, 2019) (citing *McKeon v. Daley*, 101 F. Supp. 2d 79, 87 (N.D.N.Y. 2000)) (citation omitted).

Therefore, the Court finds Plaintiff's claims against Defendants Cayuga County District Attorney's Office, Antonacci, Pado, and Azzarelli in their official capacities are barred under the Eleventh Amendment and prosecutorial immunity. *See Peterson*, 2012 WL 7480033, at *2; *Hill*, 45 F.3d at 600-61 (quoting *Imbler*, 424 U.S. at 430).

**D.     Administrative Procedure Act, Conspiracy to Defraud, and Individual Capacities**

The May 6 Report-Recommendation recommends that the following be accepted for filling: (1) claims against Defendants DSS Cayuga County, Hare, Nuccilly, and Murray in both individual and official capacities; (2) claims against Defendants Antonacci, Pado, and Azzarelli in their individual capacities; and (3) claims against Defendants Antonacci, Pado, and Azzarelli in their official capacity for conspiracy to defraud. *See* Dkt. No. 10 at 8. Specifically, Magistrate Judge Lovric found that because Plaintiff is *pro se*, a response should be required out of an abundance of caution. *See id.* at 7. The Court finds no error in Magistrate Judge Lovric's determination because Plaintiff provided sufficient allegations.

Plaintiff provides sufficient allegations to show that Defendants DSS Cayuga County,

Hare, Nuccilly, and Murray may have engaged in misconduct. First, the complaint alleges Plaintiff received a Child Care Assistance Overpayment and Repayment Requirements Notice and Defendant Hare filed a felony complaint against Plaintiff the next day. *See* Dkt. No. 1 at 12. Plaintiff further alleges that a hearing conducted by DSS Cayuga County concluded that there was a lack of evidence submitted by Defendants Hare, Nuccilly, and Murray. *See id.* at 13. This allegation by Plaintiff demonstrates that DSS Cayuga County found insufficient evidence against Plaintiff. Plaintiff further states that Defendant Hare also testified at the Grand Jury, which indicted Plaintiff. *See id.* Given the speed at which Defendants proceeded with criminal prosecution and denied an appropriate hearing, the Court believes that a response by Defendants is warranted.

Plaintiff also provides sufficient allegations to show that Defendants Antonacci, Pado, and Azzarelli may have engaged in misconduct. The complaint alleges that Plaintiff notified the Cayuga County City Courts[1] and District Attorney's Office that Plaintiff did not receive a fair hearing from DSS Cayuga County upon arraignment. *See* Dkt. No. 1 at 16. Plaintiff also alleges that all Defendants knew or should have known that Plaintiff's rights were violated, and that Defendants nevertheless moved forward with prosecution. *See id.* at 18. This indicates that Defendants should have understood the requirements before moving forward with prosecution, such as ensuring that a final hearing had taken place. Given that prosecutorial immunity is not available "where there is both the absence of all authority . . . and the absence of any doubt that the challenged action falls well outside the scope of prosecutorial authority," *Anilao v. Spota*, 27 F.4th 855, 865 (2d Cir. 2022) (quoting *Bernard v. County of Suffolk*, 356 F.3d 495, 504 (2d Cir.

---

[1] In the complaint, Plaintiff describes the court as Cayuga County City Courts. *See* Dkt. No. 1 at 16. The Court assumes that this refers to Auburn City Court because the claim also names Auburn City Court Judge David Thurston as a Defendant.

2004)), and Plaintiff's allegations that Defendants had knowledge of the facts, the Court agrees that Defendants Antonacci, Pado, and Azzarelli should be required to provide a response.

Construing all reasonable inferences in Plaintiff's favor and viewing all facts in light of Plaintiff's *pro se* status, the Court finds that these claims should be accepted for filing and a response should be required.

E.   **Opportunity to Amend**

If "a *pro se* complaint fails to state a cause of action, the court generally 'should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *McNeil v. Herkimer Cty. Dep't of Social Servs.*, No. 6:18-cv-0631, 2018 WL 4895848, *3 (N.D.N.Y. Oct. 9, 2018) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)) (internal quotation and citations omitted).  However, "an opportunity to amend is not required when '[t]he problem with [the plaintiff's] cause of action is substantive' such that [a] 'better pleading will not cure it.'" *Id.* (quoting *Cuoco*, 222 F.3d at 112) (citation omitted).  In addition, "'[w]here granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.'" *Id.* (quoting *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)) (collecting cases).

Magistrate Judge Lovric correctly determined that the claims against Defendants Leone and Thurston are barred by judicial immunity and the claims for malicious prosecution and due process violations against Defendant Cayuga County District Attorney's Office and Defendants Antonacci, Pado, and Azzarelli in their official capacities are barred by the Eleventh Amendment. *See* Dkt. No. 10 at 5-7, 8-9.

Since these claims are such that any attempt to amend them would be futile, the Court need not provide Plaintiff an opportunity to amend them.

## IV. CONCLUSION

After carefully considering the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 10) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **ACCEPTED for filing** to the extent that it asserts claims against Defendants DSS Cayuga County, Hare, Nuccilly, and Murray in their individual and official capacities; and the Court further

**ORDERS** that Plaintiff's claims against Defendants Antonacci, Pado, and Azzarelli in their individual capacities are **ACCEPTED for filing**; and the Court further

**ORDERS** that Plaintiff's claims alleging conspiracy to defraud against Defendants Antonacci, Pado, and Azzarelli in their official capacities are **ACCEPTED for filing**; and the Court further

**ORDERS** that Plaintiff's claims against Defendants Leone and Thurston pursuant to 42 U.S.C. § 1983 are **DISMISSED without prejudice but without leave to replead**; and the Court further

**ORDERS** that Plaintiff's claims against Defendants Antonacci, Pado, and Azzarelli in their official capacities pursuant to 42 U.S.C. § 1983 are **DISMISSED without prejudice but without leave to replead**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 20, 2024
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge