UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SARA HINES,

                        Plaintiff,                  5:24-cv-071
                                                            (ECC/ML)

v.

DEPARTMENT OF SOCIAL SERVICES
CAYUGA COUNTY, *et al.*,

                        Defendants.

---

Sara Hines, *Pro Se Plaintiff*
James A. Long, Esq., *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## DECISION AND ORDER

Presently before the Court is pro se Plaintiff Sara Hines's motion seeking reconsideration of the Court's August 12, 2025 Memorandum-Decision and Order (August 2025 Decision), granting in part the Defendants' motion to dismiss. Dkt. No. 54. For the following reasons, Plaintiff's motion is denied.

As an initial matter, Plaintiff's motion for reconsideration, filed on September 3, 2025, is untimely – having been filed more than fourteen days after the Court's August 12, 2025 decision. *See* N.D.N.Y. L.R. 60.1[1] ("a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree").

---

[1] Plaintiff purports to bring her motion for reconsideration pursuant to "Civil Rule 6.3," Dkt. No. 54 at 1, which appears to be a reference to Local Rule 6.3 of the Southern District of New York. Nevertheless, in light of Plaintiff's pro se status, the Court construes Plaintiff's motion to be brought pursuant to Northern District of New York Local Rule 60.1, "Relief from Judgment or Order."

"Plaintiff's motion may be denied on this basis alone." *Watson v. Tinti*, No. 1:15-cv-1356 (BKS/DEP), 2017 WL 11286185, at *1 (N.D.N.Y. Apr. 3, 2017) (citation omitted).

Even if the Court were to consider the merits of Plaintiff's request, a motion for reconsideration may only be granted upon one of three grounds: (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error of law or prevent manifest injustice." *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Shannon v. Verizon N.Y., Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* "The standard for reconsideration is strict and is committed to the discretion of the court." *S.E.C. v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010) *aff'd sub nom. Smith v. S.E.C.*, 432 F. App'x 10 (2d Cir. 2011).

Here, Plaintiff argues that the Court's August 2025 Decision dismissing certain claims is the "total opposite" of U.S. District Court Judge Mae A. D'Agostino's June 20, 2024 Memorandum-Decision and Order (June 2024 Decision), permitting those same claims to proceed upon sua sponte review. Dkt. No. 54-1 at 3-4. Liberally construed, the Court interprets Plaintiff's motion to assert a "clear error of law" as to purported inconsistencies between the June 2024 Decision and the August 2025 Decision.

The difference between the Court's inherent power to dismiss a claim upon sua sponte review versus the Court's power to dismiss a claim pursuant to a Fed. R. Civ. P. 12(b)(6) motion

is significant. A district court may only dismiss a case or claim sua sponte if it determines that it lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), or the action is frivolous, *see Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (internal quotation marks omitted)). The Second Circuit has observed that "the general rule is that a district court has no authority to dismiss an action sua sponte without first providing a plaintiff with notice and an opportunity to be heard." *Ethridge v. Bell*, 49 F.4th 674, 682 (2d Cir. 2022). However, "dismissal without notice is permissible when it is 'unmistakably clear' that the underlying case is frivolous or the court lacks jurisdiction." *Tewari v. Sattler*, No. 23-36-CV, 2024 WL 177445, at *1 (2d Cir. Jan. 17, 2024) (quoting *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018)).

On the other hand, Fed. R. Civ. P. 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, a court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *See Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019) (quoting *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017)); *Chase Grp. All. LLC v. City of N.Y. Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010). To survive dismissal, a plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

*Twombly*, 550 U.S. at 556). Moreover, "the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Here, Magistrate Judge Lovric and Judge D'Agostino properly limited the sua sponte dismissals contemplated in the June 2024 Decision to those claims over which the Court clearly lacks jurisdiction or are otherwise frivolous, including claims against the defendant judges based on absolute judicial immunity, and claims against the defendant district attorneys in their official capacities based on Eleventh Amendment immunity. Dkt. Nos. 10 at 5-7; 11 at 4-6. Judge D'Agostino otherwise adopted Magistrate Judge Lovric's recommendation declining to dismiss Plaintiff's conspiracy claims, claims pursuant to the APA, and claims against the defendants in their individual capacities, finding that the allegations were sufficient to overcome the Court's minimal permissible scrutiny of a pro se plaintiff's allegations upon sua sponte review without notice and an opportunity to respond. Dkt. Nos. 10 at 7; 11 at 6-8. Nevertheless, these conclusions were not binding on the Court's subsequent review of the same claims pursuant to Fed. R. Civ. P. 12(b)(6), as Magistrate Judge Lovric specifically noted in his report-recommendation. *See* Dkt. No. 10 at 7 (recommending these claims survive the Court's sua sponte review "[o]ut of an

abundance of caution . . ., and without expressing an opinion as to whether Plaintiff can withstand a properly filed motion to dismiss or for summary judgment[.]"). Because the Court's power to dismiss claims upon sua sponte review is more limited than its power to dismiss claims pursuant to a Fed. R. Civ. P. 12(b)(6) motion, the Court is not bound by Judge D'Agostino's prior decision not to dismiss certain claims sua sponte. Nor does the subsequent dismissal of surviving claims upon a fully briefed Rule 12(b)(6) motion to dismiss create any inconsistency with respect to the Court's rulings. *See Torres v. McGrath,* 3:15-cv-1558, 2017 WL 3262162, at *5 n.2 (D. Conn. July 31, 2017) ("The fact that this [c]ourt previously ruled that the plaintiff stated a plausible . . . claim . . . has no bearing on its current decision to dismiss the claim"); *see also See Williams v. City Univ. of N.Y.,* 633 F. App'x 541, 543 (2d Cir. 2015) (holding that "the fact that the court did not . . . dismiss Williams's claim sua sponte in connection with his IFP [in forma pauperis] application does not mean that his complaint was sufficient to withstand a motion to dismiss").

Plaintiff does not otherwise identify an intervening change in the law, new evidence, or the need to correct clear error to support her motion for reconsideration. The remainder of Plaintiff's motion raises arguments previously considered and rejected by the Court in analyzing the motion to dismiss. Because Plaintiff's motion for reconsideration is untimely and, in any event, does not set forth grounds for reconsideration of the August 2025 Decision, it is denied.

Finally, to the extent Plaintiff's request to "reserve[] the right[] to an appellate review" constitutes a request for a certificate of appealability, that request is denied. Under 28 U.S.C. § 1292(b), district courts may certify certain nonfinal orders to the court of appeals. But such certification is warranted only if (1) "[the] order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Section 1292(b) certification is thus "a rare exception to the final judgment rule" that "is reserved for those cases where an intermediate appeal may avoid protracted litigation." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865–66 (2d Cir. 1996); *see also In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 986 F. Supp. 2d 524, 533 (S.D.N.Y. 2014) ("Interlocutory review [under § 1292(b)] is strictly reserved for exceptional cases and is especially rare in the early stages of litigation."). Because Plaintiff has failed to meet the standard set forth under § 1292(b), any request for certification is denied.[2]

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for reconsideration, Dkt. No. 54, is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 20, 2025

Elizabeth C. Coombe
U.S. District Judge

---

[2] Even if Plaintiff's request met Section 1292(b)'s criteria—which it does not—the Court would likely exercise its discretion not to certify appeal in this case given the likelihood that such an appeal would raise, rather than lower, the prospect of "protracted litigation." *Koehler*, 101 F.3d at 866; *see also In re Kassover,* 343 F.3d 91, 94 (2d Cir. 2003) (courts retain discretion to determine whether appeal is warranted even if all of § 1292(b)'s criteria are met).